IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:13cr189-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| ALI FAYEZ NASRALLAH, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 2323 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**Any and all articles, the making or trafficking of which is prohibited, that were seized during the investigation, including but not limited to the following specific items:**
   125 pairs of Gucci shoes;
   186 Coogi sweatshirts;
   31 pairs of Louis Vuitton shoes;
   47 pairs of Gucci shoes;
   504 pairs of Gucci pants;
   563 pairs of Nike Air Force One shoes;
   397 pairs of Nike Air Jordan shoes;
   127 pairs of Nike Air Max shoes;
   1,104 pairs of True Religion jeans;
   408 Louis Vuitton shirts;
   612 pairs of Louis Vuitton jeans;
   228 pairs of Mek jeans;
   2,963 Polo shirts;
   504 pairs of Polo jeans;
   95 Mek shirts;
   12 D&G shirts;
   120 North Face jackets;

  116 Polo sweatshirts;
  122 pairs of Timberland boots;
  284 Coogi sweatshirts;
  648 Coogi T-shirts;
  108 pairs of Coogi jeans;
  24 Polo dresses;
  96 Chanel shirts;
  72 pairs of Chanel jeans;
  96 Prada T-shirts;
  144 pairs of Prada jeans;
  40 Crown Holder sweat suits;
  972 Polo short sets;
  120 Gucci shirts;
  48 pairs of Polo pants;
  138 pairs of Baby Fat jeans;
  242 Ed Hardy shirts;
  24 pairs of UGG boots;
  18 pairs of Prada shoes;
  48 pairs of Black Label jeans; and
  156 pairs of Nike boots.

  2.  The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

  3.  If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

  4.  Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

  5.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

  6.  As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

  The parties stipulate and agree that the aforementioned asset(s) constitute articles, the making or trafficking of which is prohibited, property used or intended to be used to commit the offenses to which Defendant pled guilty, and/or property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses, and are therefore subject to forfeiture

pursuant to 18 U.S.C. § 2323 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they , in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
ALI FAYEZ NASRALLAH
Defendant

_____
WILLIAM R. TERPENING, ESQ.
Attorney for Defendant

Signed this the 14 day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE